BOWEN ET AL. *v.* KOKOMO OMNIBUS COMPANY ET AL.

[No. 13,026.   Filed March 14, 1928.]

*Harness & Harness,* for appellants.
*Bell, Kirkpatrick, McClure & Elliott,* for appellee.

REMY, C. J.—Suit by appellants against appellees, pursuant to act of March 10, 1915 (Acts 1915 p. 621, §§9844-9849 Burns 1926), to enforce a garageman's lien for labor and materials furnished in the repair of certain motor omnibusses. Material averments of the complaint are, in substance: That, at the times in question, appellants, in the operation of the garage, were in the business of furnishing tires and tubes for motor vehicles; that appellee Kokomo Omnibus Company, defendant below, was operating for hire six certain motor busses in the city of Kokomo; that on or about July 9, 1925, appellants entered into a contract with the omnibus company by the terms of which they were to furnish all tires and tubes for, and make all repairs to, the tires and tubes for the motor vehicles used by the company; that, in compliance with the contract, appellants did furnish to the company all tubes and tires, and made all repairs, from July 9, 1925, to September 28, 1925, which supplies and labor "were necessary to keep said busses in operation and in first class condition for service"; that due notice of intention to hold a lien on the vehicles was filed; that the International Harvester Company and the Northern Indiana Power Company, each claiming to be the owner of the busses, are made defendants "to answer as to such interest." An itemized statement of the supplies furnished and labor performed, as well as a copy of the notice of intention to hold a lien on the six motor vehicles, were filed as exhibits. There is no allocation of the particular amounts for supplies and labor furnished for each of the vehicles.

Whatever lien appellants may have is the lien given by the statute under which the suit was filed. It is not

provided by the statute that the lien on motor vehicles for repairs shall be superior to other liens previously acquired. The mere fact that it became necessary for the Kokomo Omnibus Company to purchase new, and repair old, tires in order to use the busses is not sufficient to give to appellants who had furnished the supplies and made the repairs a lien which is superior to a lien or title previously acquired by appellees. Before appellants would be entitled to a decree establishing a lien, it would be necessary to allege in their complaint, and prove on the trial, that the tires purchased and the repairs made were necessary to keep the property in good repair, and that the supplies and repairs were furnished and made with the consent of the owners of the title or liens previously acquired. *Atlas Securities Co.* v. *Grove* (1922), 79 Ind. App. 144, 137 N. E. 570.

It is not averred in the complaint that the Kokomo Omnibus Company was the owner of the busses. The only allegation in the complaint of any interest of the company in the busses is that it was operating them "in and about the city of Kokomo, carrying passengers for hire." Although it is averred that appellees each claim to be the owner of the busses, and that they are joined as defendants "to answer as to such interest," it is not alleged that the supplies and repairs were furnished with the consent of appellees; nor is there any averment from which such consent could be implied. It not being averred that the Kokomo Omnibus Company was the owner of the busses, and there being no averment, express or implied, that the owner of the title or of liens previously acquired had consented to the purchase and repair of the tires, the complaint is insufficient. It follows that the court did not err in sustaining demurrer to the complaint.

It is unnecessary to consider other objections to the complaint.

Affirmed.

Dausman, J., absent.