**Carvey JONES, Appellant–Plaintiff,**

v.

**Myron V. HARNER d/b/a/ Harner'S Service Center, Appellee– Defendant.**

No. 27A05–9701–CV–34.

Court of Appeals of Indiana.

Aug. 27, 1997.

Dean A. Heinold, Rebecca Harper, UAW–GM Legal Services Plan, Marion, for Appellant–Plaintiff.

**OPINION**

RUCKER, Judge.

Plaintiff–Appellant Carvey Jones appeals the trial court's judgment in favor of Defendant–Appellee Myron Harner d/b/a Harner's Service Center on Jones's complaint for replevin and conversion. Jones also appeals the court's ruling in favor of Harner on Harner's counterclaim to enforce a mechanic's lien and for judgment in the amount of $9,099.00 plus attorney's fees. Jones raises several issues for our review which we rephrase as whether the trial court erred in granting judgment for Harner. We affirm in part and reverse in part.

On April 28, 1993, Jones was involved in an accident in which he drove his vehicle into the side of Sherry's Lounge in Marion, Indiana. The vehicle remained embedded in the building for several days until the owner of the lounge contacted Harner to remove it. Harner towed the vehicle to his place of business where he held it pending contact from its owner. Two weeks later Harner received a telephone call from a person he believed to be the car's owner. The person asked about the towing and storage charges which had accumulated on the vehicle and indicated that he would be in to pick up the vehicle the following Saturday. The man did not appear on the day scheduled. Thereafter on June 30, 1993, Harner placed a telephone call to Jones in which he informed him of the towing and storage charges and indicated that he would release the vehicle upon payment of the charges. Jones did not dispute imposition of the charges and instead agreed to obtain a release of the vehicle the next Saturday. When Jones failed to appear on Saturday and for several months thereafter Harner initiated several telephone calls to Jones and his attorney in an attempt to obtain payment of the charges. On each occasion Harner was assured that Jones would obtain release of the car on a date certain. However each time Jones failed to appear. Finally, on July 12, 1994 Harner sent to Jones by certified mail a document entitled "Notice of Intent to Hold Mechanic's Lien" along with a letter indicating Harner's intent to sell the vehicle if the towing and storage charges were not paid within ten days. Jones did not respond to the notice and instead on December 22, 1994 he filed a complaint against Harner for replevin and conversion, seeking return of the vehicle along with damages and attorney's fees. On February 28, 1995, Harner answered the complaint and filed a counterclaim alleging the existence of a mechanic's lien against the vehicle in the amount of the accumulated towing and storage charges. Harner alleged that the mechanic's lien defeated Jones's claims of replevin and conversion and that in addition Harner was entitled to judgment against Jones in the amount of the towing and storage charges plus reasonable attorney's fees. After a bench trial the court

entered judgment in favor of Harner on Jones's complaint and also ruled in favor of Harner on the counterclaim. The court determined that Harner held valid possessory and non-possessory liens against Jones's vehicle and that Harner was entitled to judgment in the amount of $9,099.00 for the towing and storage charges plus $2156.00 in attorney's fees. The court *sua sponte* entered findings of fact and conclusions of law in support of its judgment. This appeal ensued.[1]

■ Where as here the trial court *sua sponte* enters findings of fact and conclusions of law, we treat the verdict as a general one with the findings controlling only as to those issues they cover. *Matter of S.T.*, 621 N.E.2d 371, 373 (Ind.Ct.App.1993). A general judgment will be affirmed upon any legal theory consistent with the evidence, and the court of review neither reweighs the evidence nor judges the credibility of witnesses. *Id.* A general judgment will be reversed on appeal only when it is clearly erroneous. *Id.*

Jones contends the trial court erred in granting judgment for Harner. According to Jones, Harner did not obtain valid possessory or non-possessory liens against Jones's vehicle and rather his retention of the vehicle was unauthorized and subject to claims of replevin and conversion.

■ Mechanic's liens, although previously recognized at common law, are now creatures of statute. *Terpstra v. Farmers and Merchants Bank*, 483 N.E.2d 749, 756 n. 6 (Ind.Ct.App.1985), *trans. denied.* Indiana recognizes two species of mechanic's liens related to motor vehicles. The first is known as a possessory lien. The lien is possessory because it is perfected by the retention of possession of the vehicle by the person who performed the repairs or storage. *See Hendrickson & Sons Motor Co. v. Osha*, 165 Ind.App. 185, 331 N.E.2d 743, 754 (1975), *reh'g denied*, (discussing similar provisions of former statute). The lien was long recognized at common law and is now codified at Ind.Code § 9–22–5–15. That statute provides that an individual, firm, limited liability

company or corporation that performs labor, furnishes materials or storage or does repair work on a motor vehicle at the request of the person who owns the motor vehicle has a lien on the vehicle to the reasonable value of the charges for the labor, materials, storage or repairs. I.C. § 9–22–5–15.

■ By contrast the second species of mechanic's lien is known as non-possessory because it dispenses with the common law requirement of possession. *Hendrickson*, 331 N.E.2d 743, 754. Rather, in order to perfect the lien a person repairing, storing, servicing or furnishing supplies or accessories for motor vehicles must file notice of intention to hold the lien in the office of the county recorder within sixty days after performance of the work or furnishing of the storage. Ind.Code § 32–8–31–1 and –3. Upon proper filing the person holds a lien against the vehicle for the reasonable charges for the repair, storage or service. *Id.* Like I.C. § 9–22–5–15, the non-possessory lien statute requires the owner's consent to the repairs or storage before a lien may attach. *Bowen v. Kokomo Omnibus Co.*, 87 Ind.App. 245, 161 N.E. 298, 299 (1928). However the non-possessory lien statute also contains an additional provision allowing for the recovery of attorney's fees by a plaintiff who prevails in an action brought under the section. I.C. § 32–8–31–6.

■ The record reveals that although Jones initially did not request nor consent to the towing and storage of his vehicle he became aware that Harner had provided these services shortly after the towing occurred. Jones did not make a demand for the return of his vehicle but instead agreed to the charges and allowed the continued storage. The trial court found that Jones's "waiver, acquiescence and inaction in allowing the continued storage (after his contact with Harner and his promise to pay the storage charges) constitutes his implied consent to the storage." *Record* at 86. The record supports the trial court's finding. Harner retained possession of the vehicle throughout these proceedings, and thus he is entitled to a lien in the amount of the ser-

1. We note that Harner has failed to file an Appellee's brief in this case. Thus we may reverse the trial court's ruling upon a showing of prima facie error. *Kirk v. Monroe County Tire*, 585 N.E.2d 1366, 1368 (Ind.Ct.App.1992). This rule relieves the appellate courts from the burden of controverting the arguments advanced for a reversal where such a burden rests with the appellee. *Id.*

vices rendered pursuant to I.C. § 9–22–5–15. Because the recovery of attorney's fees is allowable only under the non-possessory lien statute, I.C. § 32–8–31–1, we must also determine whether Harner held a valid lien under that statute.

 The requirement in I.C. § 32–8–31–3 of the filing of a notice of intention to hold mechanic's lien and the absence of a requirement that the person remain in possession of the vehicle represent a significant departure from the common law. *Hendrickson & Sons Motor Co. v. Osha,* 165 Ind.App. 185, 331 N.E.2d 743, 754 (1975). As such the notice provision must be strictly construed. *Riddle v. Newton Crane Serv., Inc.,* 661 N.E.2d 6, 8 (Ind.Ct.App.1996), *trans. denied,* (strict construction of real estate mechanic's lien statute requires that a notice be filed within sixty days of the actual work performed and not any act incidental thereto); *see also Charlie Eidson's Paint & Body Shop, Inc. v. Commercial Credit Plan, Inc.,* 146 Ind.App. 209, 253 N.E.2d 717, 719–20 (1969) (notice was timely as to storage necessitated by repairs but was untimely as to repairs). The notice provision requires that any person seeking to acquire a lien upon a motor vehicle "shall file in the recorder's office of the county where the . . . work was performed or the storage . . . furnished within sixty (60) days after the performance of such work or the furnishing of such storage . . . a notice in writing of the intention to hold the lien . . ." I.C. § 32–8–31–3. Here it is undisputed that Harner's notice was never filed with the county recorder and rather was merely sent to Jones via certified mail. This procedure does not comport with the dictates of the statute. Thus Harner did not acquire a lien pursuant to I.C. § 32–8–31–1, and he is not entitled to an award of attorney's fees under that statute. We therefore reverse the trial court's award of attorney's fees to Harner. The judgment is in all other respects affirmed.

Affirmed in part and reversed in part.

BARTEAU and SULLIVAN, JJ., concur.