Danny A. TURNER, Appellant–
Respondent,

v.

Angela J. FREED, Appellee–Petitioner.

No. 48A02–0210–JV–826.

Court of Appeals of Indiana.

Aug. 8, 2003.

David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, Attorney for Appellant.

Jane G. Cotton, Anderson, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Danny Turner appeals the decision of the trial court in favor of Angela Freed. In particular, Turner argues that Freed is not entitled to recover for the domestic services she provided to him during the course of their live-in relationship. He also argues that the trial court erred in requiring him to pay for an appraisal of his business. Because we find that Turner would be unjustly enriched if Freed were not to recover for the domestic services she provided him, we affirm that portion of the trial court's decision. However, because Freed requested the business appraisal and there is no legal basis for requiring Turner to pay for Freed's litigation costs, we reverse that portion of the decision.

### Facts and Procedural History

Freed and Turner met in 1988 while both were working for an Anderson newspaper. Freed worked in the office, and Turner performed two bundle routes where he delivered bundles of newspapers to carriers, who would then deliver them to homes. Turner also delivered papers directly to homes on another route. At the same time Turner was working for the newspaper, he, along with his two brothers, owned the Salt Shop, a water softener company.

In December 1988, Freed and Turner moved in together and remained living

with one another until Freed became pregnant in late 1989. At that time, Freed moved to Indianapolis. Eventually, in May 1990, Freed gave birth to a son and left her employment with the newspaper.

In January 1991, Freed and Turner reconciled and rented a home together in Anderson. Paternity of their son was established, Freed was awarded custody, and Turner was ordered to pay child support. They remained in the rental home for about four years together.

After reconciling, Freed agreed to perform one of Turner's bundle routes and half of his home delivery route using Turner's car. In return, she was paid $200 per week but was responsible for paying the gas she used and half of the car's maintenance.

In 1995, the parties moved into a home that was purchased in Turner's name only. Turner paid all the mortgage payments and utilities on the property. While Turner was working at the Salt Shop, Freed remained at home caring for their son and maintaining the home. Freed also took care of Turner's daughter from a previous relationship. Freed did nearly all the cleaning, cooking, and the laundry. Until December 1998, she also continued to deliver papers. Out of the money Freed made, she would purchase some of the groceries and cleaning supplies and all the clothes for herself and their son.

By June 1999, the parties separated. Freed filed a Petition for Palimony.[1] During the course of the action, Freed asked the court to order an appraisal of Turner's business. The trial court granted the request for the business appraisal and found "[Freed] to be initially responsible for [the] entire cost of appraisal of [Turner's]

business." Appellant's App. p. 38. The value of the assets accumulated during their cohabitation, including Turner's interest in the Salt Shop, totaled around $108,000. After a hearing, the trial court ordered Turner to pay Freed $18,000 under the theory of unjust enrichment. The trial court also ordered Turner to pay the outstanding balance on the business appraisal. This appeal ensued.

## Discussion and Decision

Turner argues that the trial court's decision to grant $18,000 to Freed is not supported by the evidence and is contrary to law. In addition, Turner argues that the trial court erred when it required him to pay for the business appraisal. We address each argument in turn.

 In this case, Turner requested specific findings of fact and conclusions. When a party has requested specific findings of fact and conclusions pursuant to Indiana Trial Rule 52(A), this Court may affirm the judgment on any legal theory supported by the findings. *Wenzel v. Hopper & Galliher, P.C.,* 779 N.E.2d 30, 36 (Ind.Ct.App.2002), *trans. denied.* When reviewing a judgment, we first must determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* The judgment will be reversed where it is clearly erroneous. *Id.* Findings of fact are clearly erroneous where the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.*

### I. Unjust Enrichment

 Turner claims that the trial court erred when it found that he had been unjustly enriched by Freed's domestic ser-

---

1. The "palimony" action later was consolidated with the paternity case that Freed brought against Turner in 1991.

vices.[2] This Court already has determined that a party who cohabitates with another person without subsequent marriage is entitled to relief upon a showing of an express contract or a viable equitable theory such as an implied contract or unjust enrichment. *See Bright v. Kuehl,* 650 N.E.2d 311, 315 (Ind.Ct.App.1995), *reh'g denied.* There is no claim of an express agreement in this case. Thus, we only consider whether there was evidence presented to support an equitable theory of recovery.

The trial court found that Freed had presented evidence to support recovery under a theory of unjust enrichment. It stated:

Although the relationship provided a home, resources and some financial security to [Freed] for a number of years, it is also important to acknowledge that [Turner] received some modest benefit from food, clothing, and other financial contributions made by [Freed], and *he received substantial benefit from her homemaking and housekeeping responsibilities.* Although [Turner's] economic contribution to the joint household exceeded [Freed's], and although [Freed] benefit[ed] significantly from the resources provided by [Turner], he would be unjustly enriched if the Court took the position that [Freed] had no claim whatsoever to significant assets which are held in [Turner's] name alone, or the growth in his asset base that occurred during the years of their cohabitation.

Appellant's App. p. 77 (emphasis added). In order to prevail on a claim for unjust enrichment, Freed needed to show that a measurable benefit had been conferred on Turner under such circumstances that Turner's retention of the benefit without payment would be unjust. *See Bright,* 650 N.E.2d at 316. Principles of equity prohibit unjust enrichment of a party who accepts the unrequested benefits another person provides despite having the opportunity to decline those benefits. *Id.*

In this case, Freed presented evidence to demonstrate that Turner was unjustly enriched. Specifically, Turner and Freed lived together for about ten years. During that time, Freed took care of their child and, at times, Turner's child from a previous relationship. In addition, Freed regularly maintained the home and contributed financially by performing one of Turner's daily newspaper delivery routes. While Freed took care of the children and the home, Turner had the time to develop his water softener business. From the income generated through his employment, Turner purchased a home and furnishings. The parties referred to the property acquired during their cohabitation as "ours." [3] Tr. p. 59–60. Although it is true that Freed benefited from the resources and home provided her by Turner, we also agree with the trial court that Turner sub-

---

2. Because we find support for the trial court's decision under the theory of unjust enrichment, we need not address Turner's implied contract arguments.

3. Interestingly, Turner also argues that "when parties are living as a family, there is a presumption that services are provided each other without expectation of payment." Appellant's Br. p. 13. However, we agree with this Court's holding in *Glasgo v. Glasgo,* 410 N.E.2d 1325, 1332 (Ind.Ct.App.1980), *reh'g denied,* which states:

While we do not subscribe to the theory that cohabitation automatically gives rise to the presumed intention of shared property rights between the parties, we find in this case that it would be unjust for [one party] to assert in one breath that [the other party] can in no way be presumed to be his [spouse] for purposes of either the dissolution of marriage statutes or the concept of putative spouse and to assert in another the presumption that she rendered her services voluntarily and gratuitously.

stantially benefited from the services Freed provided and that Turner would be unjustly enriched if Freed were awarded no part of the value of the assets Turner acquired in his name alone during their cohabitation. Accordingly, we conclude there is evidence to support the trial court's finding that Turner had been unjustly enriched.[4]

## II. Business Appraisal

 Turner claims that the trial court erred by requiring him to pay the cost of the business appraisal requested by Freed. The expense of litigation confronts all litigants; but, unless otherwise provided by statute, rule or agreement, each party bears his or her own expenses. *Ag-Max, Inc. v. Countrymark Coop., Inc.,* 661 N.E.2d 1259, 1261 (Ind.Ct.App.1996). Thus, in order to sustain the decision of the trial court requiring Turner to pay the costs of the business appraisal, Freed must have shown that a statute, rule, or an agreement permitted the trial court to grant her request.

Freed claims that because the "palimony" action was consolidated with the 1991 paternity action, the paternity statute authorized the trial court to award her the cost of the business appraisal. She further asserts that the business appraisal was necessary not only to calculate the unjust enrichment damages but also to determine the amount of child support payments under the paternity action. We are not persuaded by either argument.

For statutory authority in support of the trial court's decision, Freed cites to Indiana Code § 31–14–18–2(a), which ad-

dresses payment of costs in paternity actions and states:

(a) The court may order a party to pay:

(1) a reasonable amount for the cost to the other party of maintaining an action under this article; and

(2) a reasonable amount for attorney's fees, including amounts for legal services provided and costs incurred, before the commencement of the proceedings or after entry of judgment.

However, Freed did not use the business appraisal in her child support calculations, and there is no evidence that Freed relied upon the business appraisal for any purpose other than to arrive at the amount of her recovery for Turner's unjust enrichment. Thus, the record does not show that the business appraisal was necessary in order to determine child support payments, and the statute does not support an award of costs to Freed for the business appraisal. Because there is no basis upon which the trial court could have required Turner to pay the business appraisal costs, we reverse on this issue alone and remand for the trial court to vacate that portion of its decision.[5]

Affirmed in part, reversed in part.

FRIEDLANDER and ROBB, JJ., concur.

---

4. Turner also argues that the trial court erred by not entering a specific finding about how it arrived at Freed's recovery of $18,000. Because the trial court explained in its order that it was awarding Freed $18,000 for her "homemaking and housekeeping" services, we cannot say that the trial court's assessment was clearly erroneous. Appellant's App. p. 77.

5. We hereby deny Turner's request to assess the costs of this appeal against Freed.