**TRUCK CITY OF GARY, INC.,**
**Appellant–Plaintiff,**

v.

**SCHNEIDER NATIONAL LEASING**
**and Adib C. Salem, Appellees–**
**Defendants.**

No. 45A03–0402–CV–96.

Court of Appeals of Indiana.

Aug. 20, 2004.

Edward R. Hall, Merrillville, IN, Attorney for Appellant.

Kathryn D. Schmidt, Burke Costanza & Cuppy LLP, Merrillville, IN, Attorney for Appellee Schneider National Leasing.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Plaintiff Truck City of Gary, Incorporated, ("Truck City") appeals the trial court's judgment in favor of Appellees–Defendants Schneider National Leasing ("Schneider") and Adib C. Salem ("Salem").[1] We affirm.

### Issues

Truck City raises two issues, which we expand and restate as:

I. Whether the trial court erred by considering parol or extrinsic evidence in making its determination that neither Schneider nor Salem was responsible for the costs associated with the repairs at issue because a representative of Truck City made an oral promise to Salem that such repairs were covered by warranty;

II. Whether the trial court's judgment in favor of Salem and Schneider is contrary to law because Salem— acting as Schneider's agent—consented to the repair work at issue and, therefore, both are responsible for the cost of such repairs; and

III. Whether the trial court's judgment in favor of Schneider is contrary to law because Schneider is financially responsible for the repairs at issue under the equitable theory of quantum meruit.

1. The parties and some pertinent exhibits refer to Salem as "Ed Salem." However, Sa-

### Facts and Procedural History

On February 6, 2000, Salem and Schneider executed a Motor Vehicle Master Lease ("Lease Agreement"), wherein Salem agreed to lease an over-the-road tractor ("Tractor") from Schneider. The Lease Agreement contains the following provision: "[Salem] agrees that it will, at its sole expense, do all things necessary to maintain the [Tractor] in good repair, ordinary wear and tear excepted." Def.'s Ex. 1. The Lease Agreement allows Salem to purchase the Tractor at the end of the leasing period for the residual value, but also provides that: "Upon termination of the Lease, [Salem] at [Salem's] expense shall return the property in good condition and repair, in the same condition as originally delivered to [Salem,] ordinary wear and tear excepted, to [Schneider] at its place of business...." *Id.*

On May 14, 2002, after noticing a problem with the Tractor's injector, Salem took the Tractor to Truck City for repair. During a subsequent inspection of the Tractor, an employee of Truck City discovered a leak coming from a gasket. The Truck City employee advised Salem to have the gasket repaired. At first, Salem did not consent to have the gasket leaks repaired. However, the employee informed Salem that the gasket repairs were under warranty and would cost Salem nothing. The employee next contacted Freightliner regarding the extent of the Tractor's warranty. After the telephone call, the Truck City employee told Salem: "[W]e have warranty. It is not going to cost you anything." Tr. at 39. In response, Salem agreed to have Truck City repair the leaking gasket. In so doing, Salem signed a work order for the Tractor ("Contract"), which lists the company and owner's name as "Ed Salem" and the name on the truck

lem personally signed documents as "Adib C. Salem."

as "Schneider." Pl.'s Ex. 1. The Contract also contains the following provisions:

> COMPLAINT (A) Engine Lite [sic] (Schneider shop says it's injector problem?[) ]

> \* \* \* \* \*

> I hereby authorize the above work to be done along with the necessary material, and hereby grant you and/or your employees permission to operate the vehicle described on streets, highways, or elsewhere for the purpose of testing or inspection.

*Id.*

After Truck City had completed the repair work, the Truck City employee told Salem that everything was covered by the warranty and allowed him to leave with the Tractor. That evening, the Tractor broke down while Salem was "on the road . . . in the middle of no where." Tr. at 39. Salem paid a tow truck $299.00 to tow the Tractor to another repair shop where he learned that all of his oil had leaked out and almost destroyed the engine. The second repair shop had to replace the gasket on the Tractor.

One or two days after Salem left Truck City, Truck City was informed that the gasket work performed was not covered by warranty. Subsequently, Truck City contacted Salem and advised him that he had to pay for the repairs. In response, Salem paid for the injector repairs but refused to pay for the gasket repairs in the amount of $1162.66.

On or about July 30, 2002, Truck City filed a claim with the small claims court against Schneider, under the doctrine of apparent agency, and against Salem. At trial, Dale Schlink ("Schlink"), the warranty manager for Truck City, testified that Truck City does not make guarantees that the warranty company will cover everything, but rather, it informs customers that, "warranty companies sometimes don't cover things." Tr. at 53. Schlink also testified that there was no way Truck City could know from the "get-go" whether the Tractor's warranty would cover the repairs at issue. Tr. at 55. However, during cross-examination, Schlink acknowledged that he did not personally contract with Salem for the gasket repairs. Rather, a shop foreman likely assisted Salem and that such foreman, who no longer works at Truck City, could have assured Salem that the warranty would cover the repairs.

After conducting a bench trial, the small claims court determined that: (1) Salem was Schneider's agent because, by advertising its name on the Tractor, Schneider gave third parties reason to believe that Salem had apparent authority to bind Schneider; and (2) Salem and Schneider are not liable for the gasket repairs because Truck City promised Salem that such repair work would be covered by warranty. Accordingly, the trial court entered judgment in favor of Salem and Schneider. It is from this judgment that Truck City now appeals.

### Discussion and Decision

#### I. *Standard of Review*

■ On appeal, our standard of review is particularly deferential in small claims actions, where "the trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." Ind. Small Claims Rule 8(A). Nevertheless, judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A).

■ In challenging the trial court's judgment, Truck City, i.e., the party carrying the burden of proof at trial, is appeal-

ing from a negative judgment. A party appealing a negative judgment must establish that the evidence is without conflict and leads to but one conclusion and that the trial court did not reach that conclusion. *Mayflower Transit, Inc. v. Davenport*, 714 N.E.2d 794, 798 (Ind.Ct.App. 1999). The appellant may attack the trial court's judgment only as contrary to law. *Id.* On appeal, we will affirm the trial court's judgment unless all evidence leads to the conclusion that the trial court's findings are clearly erroneous and against the logic and effect of the facts. *Edwards v. Ind. State Teachers Ass'n,* 749 N.E.2d 1220, 1225 (Ind.Ct.App.2001). In determining whether the findings of fact are clearly erroneous, we may neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* Instead, we will consider only the evidence most favorable to the judgment together with all reasonable inferences that may be drawn therefrom. *Id.*

## II. Analysis

### A. Parol Evidence

Truck City first argues that the trial court erred by considering certain parol evidence at trial. In particular, Truck City challenges the trial court's consideration of evidence regarding an assurance or promise made by a Truck City employee to Salem that the gasket repairs would be covered by warranty and, thus, free of charge. In general, where the parties to an agreement have reduced the agreement to a written document and have included an integration clause that the written document embodies the complete agreement between the parties, the parol evidence rule prohibits courts from considering parol or extrinsic evidence for the purpose of varying or adding to the terms of the written contract. *Millner v. Mumby,* 599 N.E.2d 627, 629 (Ind.Ct.App.1992).

The parol evidence rule is inapplicable to the case at bar because the Contract in question does not contain an integration clause nor any additional evidence that the parties intended the Contract to be totally integrated. *See, e.g., Citizens Progress Co., Inc. v. James O. Held & Co., Inc.,* 438 N.E.2d 1016, 1021–22 (Ind.Ct.App.1982). Because the parol evidence rule does not apply, the trial court did not err by considering evidence of assurances or promises made by a Truck City employee regarding the existence of warranty coverage.

### B. Judgment Contrary to Law

Truck City next contends that the trial court's judgment in favor of Salem and Schneider was contrary to law. In particular, Truck City maintains that Salem is responsible for the cost of the gasket repairs because he personally consented to the repair work. Alternatively, Truck City asserts that Schneider is responsible for the cost of the repair work at issue because Salem, acting as an agent to Schneider, consented to such repair work. Schneider counters that Salem was not acting in an agency relationship when he consented to the gasket repairs and that, in any event, a Truck City employee promised Salem that the repairs would be covered by the Tractor's warranty. We address Salem and Schneider's financial responsibility for the repairs at issue separately.

#### 1. Salem's Liability

Truck City argues that the trial court's judgment in favor of Salem was contrary to law because Salem authorized the gasket repair work. At the outset, we note that Salem chose not to file an Appellee's Brief. When an appellee fails to submit a brief in accordance with our rules, we need not undertake the burden of developing an argument for the appellee. *Johnson County Rural Elec. Membership*

Corp. v. Burnell, 484 N.E.2d 989, 991 (Ind. Ct.App.1985). Indiana courts have long applied a less stringent standard of review with respect to showings of reversible error when an appellee fails to file a brief. *Id.* Thus, we may reverse the trial court if the appellant is able to establish prima facie error. *Jones v. Harner,* 684 N.E.2d 560, 562 n. 1 (Ind.Ct.App.1997). In this context, "prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.* (internal citations omitted).

Here, the record reveals that Salem took the Tractor to Truck City for repairs to the injector. When Truck City inspected the Tractor, an employee of Truck City noticed a leak coming from a gasket and advised Salem to have the gasket repaired. The evidence further demonstrates that, initially, Salem did not consent to the suggested gasket repairs. However, the Truck City employee assured Salem that such repairs were under warranty and would be free of charge. The employee telephoned Freightliner regarding the extent of the Tractor's warranty and, after that conversation, informed Salem: "[W]e have warranty. It is not going to cost you anything." Tr. at 39. Salem then agreed to have Truck City repair the leaking gasket. It was only after Truck City had repaired the gasket and had allowed Salem to leave with the Tractor that it informed him that the Tractor's warranty did not cover the gasket repairs. This evidence supports the trial court's conclusion that Salem is not liable for the gasket repair work because the Truck City employee orally promised or assured Salem that such work would be covered by warranty.

 Indeed, under the doctrine of promissory estoppel, when a person, i.e., the Truck City employee, makes a promise to another, i.e., Salem, and the other person takes some action in reliance upon the promise, which action should have reasonably been expected, the promise may be enforced to avoid injustice. *Weinig v. Weinig,* 674 N.E.2d 991, 997 (Ind.Ct.App. 1996). A claim of promissory estoppel consists of the following elements: (1) a promise by the promisee; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature and (5) injustice can be avoided only by enforcement of the promise. *Id.* Here, the aforementioned evidence demonstrates that, to induce Salem to authorize the repair work at issue, the Truck City employee promised Salem that such repair work would be covered by the Tractor's warranty. The record further reveals that Salem reasonably relied upon the promise, by consenting to the gasket repair work, to his detriment. As such, the trial court's judgment in favor of Salem is not contrary to law.

### 2. Schneider's Liability

 Alternatively, Truck City contends that the trial court's judgment in favor of Schneider was contrary to law because Salem was acting as Schneider's agent when he consented to the gasket repairs and, thus, Schneider—as principal—is financially responsible for the costs associated with the repairs. Schneider counters that Salem was not acting in an agency relationship when he authorized the repairs. We do not need to address the issue of whether Salem was an agent of Schneider's under the doctrine of apparent authority[2] because, even assuming

---

**2.** An apparent agency relationship is initiated by a manifestation of the principal to a third party who, in turn, is instilled with a reasonable belief that another individual is an agent of the principal. *Smith v. Brown,* 778 N.E.2d 490, 495 (Ind.Ct.App.2002). For this agency relationship to exist, it is essential that there be some form of communication, direct or

that Salem authorized the repairs while acting in an agency capacity, the trial court appropriately entered judgment in favor of Schneider because neither Salem nor Schneider is liable for the costs of the repairs under the doctrine of promissory estoppel. Accordingly, the trial court's judgment in favor of Schneider, on this issue, is not contrary to law.

## C. Quantum Meruit

Lastly, and in the alternative, Truck City asserts that the trial court's judgment in favor of Schneider was contrary to law because Schneider should be financially responsible for the repairs at issue under the equitable doctrine of quantum meruit. To successfully assert a claim for quantum meruit—also referred to as unjust enrichment—the plaintiff must establish that a measurable benefit has been conferred upon the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust.[3] *See Turner v. Freed,* 792 N.E.2d 947, 950 (Ind.Ct.App.2003); *see also Bayh v. Sonnenburg,* 573 N.E.2d 398, 408 (Ind.1991), *reh'g denied, cert. denied,* 502 U.S. 1094, 112 S.Ct. 1170, 117 L.Ed.2d 415 (1992). Principles of equity prohibit unjust enrichment in cases where a party accepts the unrequested benefits another provides despite having the opportunity to decline those benefits. *Wright v. Pennamped,* 657 N.E.2d 1223, 1230 (Ind.Ct. App.1995), *trans. denied.*

Here, the record reveals that, at all times pertinent to this action, Schneider was the owner-lessor of the Tractor. As such, generally speaking, any maintenance or repair to the Tractor may confer a direct benefit upon Schneider such that retention of the benefit without payment would be unjust. However, the evidence before us further demonstrates that soon after Truck City completed the gasket repair work, the Tractor broke down while Salem was "on the road . . . in the middle of no where." Tr. at 39. Salem then paid a tow truck $299.00 to tow the Tractor to another repair shop where he learned that all of his oil had leaked out and almost destroyed the engine. The second repair shop replaced the gasket on the Tractor. This evidence supports the trial court's implicit determination that Truck City did not confer a benefit upon Schneider by making the gasket repairs. Accordingly, the trial court's judgment in favor of Schneider on the issue of quantum meruit is not contrary to law.

For the foregoing reasons, we affirm the trial court's judgment in favor of Salem and Schneider.[4]

Affirmed.

SHARPNACK, J., and MAY, J., concur.

---

indirect, by the principal, which instills a reasonable belief in the mind of the third party. *Id.* Statements or manifestations made by the agent alone are not sufficient to create an apparent agency relationship. *Id.*

3. The theory of quantum meruit—which literally means "as much as he has deserved"—is an equitable remedy to provide restitution for unjust enrichment. BLACK'S LAW DICTIONARY 1255 (7th ed.1999). The phrase "unjust enrichment" is defined as "[t]he retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected." *Id.* at 1536.

4. On July 2, 2004, Schneider moved for appellate damages pursuant to Appellate Rule 66(E), which provides that: "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith.

Damages shall be in the Court's discretion and may include attorneys' fees." Because Truck City's appeal was neither frivolous nor in bad faith, we deny Schneider's request for damages.