Kevin D. MILLER, Appellant–
Defendant,

v.

Cynthia REINERT and Angela Miller,
Appellees–Plaintiffs.

No. 49A05–0502–CV–66.

Court of Appeals of Indiana.

Dec. 27, 2005.

Rehearing Denied Feb. 27, 2006.

Kevin D. Miller, Fort Wayne, Pro Se.

## OPINION

ROBB, Judge.

Kevin Miller filed a complaint alleging abuse of process, libel per se, and negligence against his ex-wife, Angela Miller, and her attorney, Cynthia Reinert. Kevin's allegations arose from post-dissolution matters between Kevin and Angela. Kevin appeals the trial court's denial of his motion for summary judgment and grant of Angela and Reinert's motion to dismiss. We affirm in part and reverse in part.

### Issues

Kevin raises several issues for our review, which we consolidate and restate as the following dispositive issues:

1. Whether the trial court properly granted Angela and Reinert's motion to dismiss his complaint; and

2. Whether the trial court properly ordered Kevin to pay Reinert's attorney fees.

### Facts and Procedural History

The relevant facts, as stated in a previous opinion from this court, are as follows:

Kevin and Angela were married in 1982 in South Carolina while Kevin was serving on active military duty in the United States Navy. Thereafter, their son was born in June of 1984, and they moved to Indianapolis. The three of them subsequently moved to Norfolk, Virginia, because Kevin had been assigned to military duty there. In November 1987, Kevin and Angela separated.

Angela moved to Moncks Corner, South Carolina, taking the parties' son with her. Kevin then began paying $318 in monthly support, without any court intervention. In 1989, Angela petitioned to dissolve the marriage and it became final on March 21 of that year in South Carolina. Recognizing that Kevin had voluntarily been paying child support directly to Angela, the dissolution court ordered that he continue to make payments in the same amount.

Kevin continued paying child support each month until September 1992, because he was unable to ascertain Angela's whereabouts. The support payments had been made from Kevin's military allotment until he was discharged from the service in August 1992. According to Kevin, none of Angela's family members would reveal her location to him. Kevin then remarried in 1997 and two daughters were born to that marriage. Thereafter, Kevin and his family relocated to

Washington, D.C., in May 1999, where he attended law school.

In January 2000, Angela sought to enforce the South Carolina support order with respect to their son. She contacted a private child support collection agency, Child Support Enforcement, Inc. (CSE), in an effort to collect the support that was owed. Kevin eventually received a demand letter from CSE along with a computation of support arrearage allegedly owed to Angela, representing a three-and-one-half-year period in which Kevin had not paid support. CSE advised Kevin that he owed child support dating back to the April 1989 dissolution. During 2000, Kevin paid Angela three separate child support payments in the form of money orders, totaling $1590, when he learned that Angela had moved to North Carolina.

On June 19, 2000, Kevin filed a defamation action against Angela in the U.S. District Court of North Carolina, alleging that Angela had submitted a false publication to CSE regarding the dates and amount of alleged support arrearage that was owed. Thereafter, both parties stipulated to a voluntary dismissal of the case and Kevin received a settlement in the amount of $10,000 from CSE. The trial court ultimately dismissed the action with prejudice.

On October 25, 2001, Angela filed a petition to register the South Carolina support and dissolution decree in Marion County. Angela alleged that Kevin owed back support in the amount of $34,504 plus $30,577.91 in accrued interest, thus making a total of $65,081.91 due and owing. After the order was approved, Angela filed a verified motion for sanctions for the nonpayment of child support and contempt. A hearing was conducted on June 3, 200[2], and the trial court ultimately entered an order finding Kevin in contempt for the willful

non-payment of child support and determined that he was in arrears in the amount of $34,491.90. The trial court rejected Kevin's claim of laches that Angela had unreasonably delayed in enforcing the support order and that he had been prejudiced by that delay.

*Miller v. Miller,* 790 N.E.2d 133, 134–35 (Ind.Ct.App.2003), *trans. denied.* Kevin appealed to this court. Reinert represented Angela at the June 2002 hearing in the trial court and on appeal of the ensuing order. After Angela filed her Appellee's Brief, Kevin filed his Reply Brief in which he took exception to certain arguments and statements made in Angela's Brief, specifically those related to the CSE litigation and settlement. He also filed a motion to strike those portions of Angela's Brief. This court affirmed the trial court, holding that laches did not bar Angela's action. *Id.* at 135–36. In doing so, we included in the statement of facts, as set forth above, certain information regarding the CSE lawsuit and settlement. Kevin then filed a petition for rehearing and a motion for the court to strike those statements from its opinion. Both requests were denied. Kevin's petition to transfer to the Indiana Supreme Court was also denied.

Kevin thereafter initiated the instant lawsuit against Angela and Reinert alleging "Abuse of Process, Libel Per Se and Negligence ... from [the] publication of unprivileged, false, and defamatory statements in an appellate brief to the Indiana Court of Appeals." Appellant's Appendix at 19. Kevin filed a motion for partial summary judgment on the issue of liability for his claims of abuse of process and libel per se. Angela and Reinert filed a consolidated response to Kevin's motion for partial summary judgment. They also moved for dismissal of his complaint and assessment of damages and fees. After a hear-

ing, the trial court denied Kevin's motion for partial summary judgment and granted Angela and Reinert's motion to dismiss. The trial court also ordered Kevin to pay Reinert's attorney's fees of $8,379.69 pursuant to Reinert's request for fees. Kevin now appeals.

*Discussion and Decision* [1]

I. Dismissal of Kevin's Complaint

 Kevin raises several arguments that under other circumstances might merit more extensive discussion. However, because of the context in which Kevin's claims arise, namely, in the course of an appeal, we need not address each of his specific points. The statements that Kevin claims are libelous, negligent, and an abuse of process were made in an appellate brief filed with this court. Statements made by the parties in pleadings and other court filings are absolutely privileged if the statements are pertinent and relevant to the litigation. *American Dry Cleaning & Laundry v. State,* 725 N.E.2d 96, 98 (Ind. Ct.App.2000). The determination of whether statements made in judicial pleadings are pertinent and relevant is a question of law for the court. *Trotter v. Indiana Waste Sys., Inc.,* 632 N.E.2d 1159, 1162 (Ind.Ct.App.1994).

The reason underlying this doctrine is that public interest in the freedom of expression by participants in judicial proceedings, uninhibited by the risk of resultant suits for defamation, is so vital and necessary to the integrity of our judicial system that it must be made paramount to the right of the individual to a legal remedy when he has been wronged.

*Briggs v. Clinton County Bank & Trust Co. of Frankfort, Ind.,* 452 N.E.2d 989, 997 (Ind.Ct.App.1983) (citing 50 Am.Jur.2d Libel & Slander § 231). We recognize that the cases decided on this privilege have to date concerned statements made in pleadings before a trial court, but we see no reason to afford statements made before an appellate court less protection.

 In determining what is relevant and pertinent, the courts favor a liberal rule. *Id.* " 'An allegation to which privilege does not extend must be so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety.' " *Id.* (quoting 50 Am.Jur.2d Libel & Slander § 239). This court has already determined that the statements made in the Appellee's Brief were both pertinent and relevant to the litigation, as evidenced by the fact that some of the information was included in the opinion and by the fact that Kevin's motions to strike the statements from the brief and from our opinion were denied. Reinert presented her client's case in the way she thought most effective. Within the bounds of the rules of professional responsibility, she had no duty to consider what was best for Kevin. There is no evidence that Angela or Reinert included the statements at issue herein in

---

1. We note that neither Angela nor Reinert have filed an Appellee's Brief in this matter. When an appellee fails to submit a brief in accordance with our rules, we need not undertake the burden of developing an argument for the appellee. *Johnson County Rural Elec. Membership Corp. v. Burnell,* 484 N.E.2d 989, 991 (Ind.Ct.App.1985). Indiana courts have long applied a less stringent standard of review with respect to showings of reversible error when an appel-lee fails to file a brief. *Id.* Thus, we may reverse the trial court if the appellant is able to establish prima facie error. *Jones v. Harner,* 684 N.E.2d 560, 562 n. 1 (Ind.Ct. App.1997). In this context, "prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.* (internal citations omitted). *Fowler v. Perry,* 830 N.E.2d 97, 102 (Ind.Ct. App.2005).

the Appellee's Brief with malice or with any motive other than elucidating the court. Moreover, there is evidence before the court that the statements were in fact true. Kevin's complaint has thus failed to state a claim upon which relief could be granted.

"Lawsuits are not peace conferences. Feelings are often wounded and reputations are sometimes maligned." *Briggs*, 452 N.E.2d at 998 (citing *Bussewitz v. Wisconsin Teachers' Ass'n*, 188 Wis. 121, 128, 205 N.W. 808, 811 (1925)). However, not every statement that is not to an opponent's liking is actionable. Here, Kevin sought what recourse he had—filing a motion to strike the material he deemed impertinent in the forum in which the statements were made. This court having disagreed with him, the matter is settled, and the trial court did not err in dismissing his complaint.

## II. Award of Attorney's Fees

Kevin also contends the trial court erred in ordering him to pay Reinert's attorney's fees. The trial court entered an order that Kevin pay $8,379.69 to Reinert's attorney on Reinert's request for fees. Kevin contends that the order is improper.

■■■■■ As part of the cost of litigation the court may award attorney's fees to the prevailing party provided the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

Ind.Code § 34–52–1–1. An action is "frivolous" if it is made primarily to harass or maliciously injure another; if counsel is unable to make a good faith and rational argument on the merits of the action; or if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law. *Emergency Physicians of Indianapolis v. Pettit*, 714 N.E.2d 1111, 1115 (Ind.Ct.App.1999), *aff'd in relevant part*, 718 N.E.2d 753 (Ind.1999). An action is "unreasonable" if, based upon the totality of the circumstances, including the law and facts known at the time, no reasonable attorney would consider the action justified or worthy of litigation. *Id.* A defense is "groundless" if no facts exist which support the defense relied upon and supported by the losing party. *Id.*

■■■■ An award of attorney's fees under Indiana Code section 34–52–1–1 is afforded a multistep review: first, we review the trial court's findings of fact under the clearly erroneous standard, and second we review *de novo* the trial court's legal conclusions. *Id.* Finally, we review the trial court's decision to award attorney's fees and the amount thereof under an abuse of discretion standard. *Id.* Here, the trial court did not enter findings and did not expressly indicate the legal conclusion on which its award of attorney's fees was based. Rather, the trial court simply ordered Kevin to pay a certain amount of Reinert's fees. Reinert's request was based on the ground that Kevin's action was frivolous,[2] and we therefore view the trial court's order as an implicit conclusion that Kevin's action was indeed frivolous. We review this conclusion *de novo*.

**2.** Reinert's Motion to Tax and Assess Damages and Fees states that Kevin's claim "borders on frivolous litigation" and requests an award of legal costs and fees. Appellant's

Appendix at 193–95. At the hearing on the pending motions, Reinert's attorney stated that the motion was made based on the "frivolous nature" of the claims. Tr. at 29.

Although we have affirmed the trial court's dismissal of Kevin's complaint and have not agreed with his substantive arguments, we do not believe that the litigation was frivolous. As we noted above, the absolute privilege afforded statements made in judicial proceedings has not previously been applied in appellate proceedings. Moreover, as Kevin himself noted during the hearing on these motions, the appellate court is not a trial court and he therefore could not assert his claims in the appellate court directly. Because a good faith and rational argument could be made to support his claims, we hold that the trial court erred in awarding attorney fees to Reinert.

### Conclusion

The trial court properly granted Angela and Reinert's motion to dismiss because Kevin has failed to state a claim upon which relief could be granted. The statements that are the subject of Kevin's complaint are protected by an absolute privilege for pertinent and relevant statements made in the course of judicial proceedings. However, because Kevin's claims were not frivolous, the trial court erred in awarding attorney's fees. We therefore reverse that part of the trial court's order that requires Kevin to pay Reinert's attorney's fees, and affirm the remainder of the order.

Affirmed in part and reversed in part.

KIRSCH, C.J., and MAY, J., concur.