McCool *v.* Old National Bank in Evansville, Administrator.

[No. 27,146. Filed December 15, 1938.]

680

*French Clements,* for appellant.

*Walker & Walker, Ross E. Myers,* and *James L. Cheatham,* for appellee.

FANSLER, J.—Maggie N. McCool died in California on June 6, 1935. She had formerly been a resident of Vanderburgh County, Indiana. In July, 1935, upon the petition of one claiming to be a creditor, and represen-

tation that the decedent left real and personal property in Vanderburgh County, the Old National Bank in Evansville was appointed administrator of her estate.

The appellant, a son of Mrs. McCool, filed a petition to cancel the letters of administration upon the ground that his mother was a non-resident of Indiana and left no estate in Vanderburgh County or in Indiana to be administered. The administrator answered in three paragraphs, the first a general denial, and the second an allegation that the administrator had been sued, and that, by the allegations of the complaint, if they proved to be true, there are certain shares of stock and certain real estate in Vanderburgh County in which the estate has an interest. There was a reply in general denial. Before the commencement of the trial, the appellant requested special findings of fact and conclusions of law. There was a trial, and, at the close of petitioner's evidence, the administrator moved for a judgment upon the evidence. This motion was taken under advisement, and, on August 20, 1936, it was "ordered and adjudged by the Court that the Motion of the Old National Bank in Evansville, Administrator of the Estate of Maggie N. McCool for judgment at the close of petitioner's evidence be and it is now hereby sustained." Thereafter, on August 21st, the Old National Bank tendered a cross-complaint in three paragraphs against William F. McCool, seeking a personal judgment against him and in favor of the estate of Maggie N. McCool. The petitioner objected to the filing of the cross-complaint, which was overruled, and leave was granted to file, and a cross-complaint was filed. On September 9th the court rendered and filed special findings of fact and conclusions of law upon the issues joined upon the petition and the answers and reply. The petitioner excepted to the conclusions of law, and on the same day formal judgment was entered that the petitioner take nothing,

and that the administrator recover its costs. On *September 23rd,* on motion of the Old National Bank, William F. McCool was ruled to answer the cross-complaint by *September 8th.* On September 25th the petitioner moved for a new trial of his petition for removal of the Old National Bank. On October 5th the motion was overruled, and the petitioner prayed an appeal. On October 7th an appeal bond was submitted and approved. On October 16th appellant's bill of exceptions was presented, and on October 17th it was signed and approved. The record and assignment of errors was filed in the Appellate Court on October 29th. On January 20, 1937, the court below defaulted the petitioner for failure to answer the cross-complaint, and entered a personal judgment against him for $21,205.25. On February 17th the appellee filed a motion to dismiss this appeal upon the ground, among others, that the judgment appealed from is an interlocutory judgment, and that the appeal was not perfected within the time allowed for such judgments. On March 22nd the appellee's motion to dismiss the appeal was overruled by the Appellate Court, and thereafter the cause was transferred to this court under section 4-209 Burns' Ann. St. 1933, section 1364 Baldwin's Ind. St. 1934. Afterwards, on appellant's motion for certiorari, the record of the default judgment was certified by the clerk and filed on April 15, 1937.

The judgment entered upon the trial of the issue made by the appellant's petition to remove the administrator and the answers and reply was in no sense interlocutory. The cause thus presented was tried and the decision of the court and its final determination was announced and entered on the record before the cross-complaint was tendered or offered for filing. It is true that afterwards the special findings of fact and conclusions of law were filed and a more formal judgment entered. But the entry, to the effect that

the motion of the administrator for judgment was sustained, was a sufficient indication of a decision, and would have been sufficient upon which to base a *nunc pro tunc* entry elaborating the judgment. Section 2-1068 Burns' Ann. St. 1933, section 173 Baldwin's Ind. St. 1934, provides that after trial, and before final judgment, the court may permit the amendment of pleadings. An amendment and addition to the pleading, which brings in a new and different cause of action by cross-complaint, involving matters not within the scope of the issues as formed and tried, cannot be made after the case is decided, and in this case there is a misjoinder of parties involved.

The principal action, based upon the petition to remove the administrator, did not seek to charge the estate. It asked only the removal of the administrator. It asked no judgment against the estate of the decedent. The cross-complaint tendered asked a personal judgment against the petitioner in favor of and for the benefit of the estate. It is true that the cross-complaint was in the name of the administrator, but it was not for the benefit of the administrator. The administrator was defending against the petition in his own right, but seeking to prosecute the cross-complaint in the right of the estate. The action of the trial court in erroneously permitting the filing of the cross-complaint after the issue joined and tried had been decided cannot have the effect of changing the issue theretofore presented and determined and of changing the effect of the judgment from a final one to a mere interlocutory judgment. The motion to dismiss was properly overruled.

The appellant contends that the trial court erred in granting letters of administration without statutory examination by the clerk. It appears that the application of a creditor for the appointment of an administrator was sworn to before a notary pub-

lic. Appellant contends that this is not a compliance with section 6-301 Burns' Ann. St. 1933, section 3030 Baldwin's Ind. St. 1934, which provides for the issuing of letters of administration by the clerk after having examined the person applying for letters. But if an examination of the affidavit of the applicant was not sufficient to conform to the statutory requirement, it did not render the letters void. Unless the facts developed at the trial indicated that letters should not have been issued at the time they were issued, an irregularity on the part of the clerk in ascertaining the facts would not be a sufficient basis for setting aside the administration.

The appellant complains that the court did not find that the petitioning creditor was in fact a creditor, and that the evidence does not sustain the finding that the decedent left property in Vanderburgh County. The allegation of the petition to remove is that the decedent left no property or assets in Vanderburgh County. There is no allegation that she left no creditors. But, if there had been such an allegation, the burden would be upon the petitioner to establish it, and a failure of the court to find the fact would be concluded against the petitioner. There is evidence that the administrator is a party to an action which may result in the accrual of assets to the estate. There is evidence that there may be some small items of tangible personal property. It is true that the interest of the estate in these items may be disputed, but choses in action are assets even though the rights asserted by the estate may be defeated. And one asserting a claim against an estate has the right to demand an administration so that his claim may be litigated even though it be defeated. If there are no assets in Vanderburgh County, and no valid claims against the decedent there, her heirs cannot complain, as they are not injured by the administration. But there is evidence that claims

are asserted, and that there is a sufficient basis for asserting claims to property within the county on behalf of the estate.

The appellant seems to view the proceedings below as an original petition for the appointment of an administrator. The burden is upon the one seeking to have an administrator appointed to establish sufficient facts. But this is not the case. The administrator had been appointed and had qualified, and in such case the burden is on the one seeking to have the letters revoked to show that there was not sufficient ground for the issue of the letters.

Judgment affirmed.