**In the Matter of the Supervised ESTATE OF Myrtle NAY, Deceased, Gretchen Knox, Administratrix.**

**No. 1–985A226.**

Court of Appeals of Indiana,
First District.

March 3, 1986.

Rehearing Denied April 4, 1986.

---

Lisa K. Rosenberger, Hocker and Rosenberger, Vevay, for appellant.

Robert L. Barlow, II, Cooper, Cox, Jacobs, Reed & Barlow, Madison, for appellee.

ROBERTSON, Presiding Judge.

Administratrix-appellant Gretchen Knox (Knox) appeals from the entry of summary judgment in favor of claimant-appellee Jefferson County Department of Public Welfare (DPW).

We affirm.

The facts relevant to Knox's appeal are summarized as follows. Myrtle Nay died on June 17, 1980, and letters of administration were issued to Knox. Notice to the heirs and creditors of the decedent was first published on July 16, 1981. Thereafter, on March 11, 1983, DPW filed a claim against the estate for old age assistance received by the deceased. Knox disallowed the claim on the ground that it was untimely.

One issue is dispositive of this appeal: whether the trial court erred when it granted DPW's motion for summary judgment, thereby allowing a claim against an estate which was not timely filed pursuant to IND.CODE § 29-1-14-1 (Supp.1984).

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56. Where the parties agree there is no factual dispute, as in the instant case, the task of the appellate court is to determine whether the lower court correctly applied the law. *Second National Bank of Danville v. Massey-Ferguson Credit Corp.*, (1985) Ind.App., 478 N.E.2d 916, 917. Knox challenges the trial court's application of I.C. § 29-1-14-1.

I.C. § 29-1-14-1(a) states:

All claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the state and any subdivision thereof ... shall be forever barred against the estate ... unless filed with the court in which such estate is being administered within (1) five (5) months after the date of the first published notice to creditors....

It is undisputed that the claim against the estate for old age assistance was a claim by a subdivision of the state. Nonetheless, Knox argues that DPW's claim was not exempt from the statutory filing time period. Knox avers that such an exception would be contrary to legislative intent.

A fundamental rule of statutory construction is that one must divine the intent of the legislature. *Myers v. Greater Clark Community School Corp.*, (1984) Ind.App., 464 N.E.2d 1323, 1327. Generally, a statutory amendment which changes the language of a prior statute indicates a legislative intention that the meaning of the statute has been changed, and raises a presumption that the legislature intended to

change the law. *Metropolitan School District of Martinsville v. Mason,* (1983) Ind. App., 451 N.E.2d 349, 352.

The predecessor to I.C. § 29–1–14–1, Burns Stat. 1933, § 6–1001, provided that if a claim against the decedent was not filed at least thirty days before final settlement of the estate, the claim would be barred. Burns Stat. § 6–1001 applied to any claim against the decedent. *See Isbell v. Heiny,* (1941) 218 Ind. 579, 33 N.E.2d 106. Thus claims by the state government against a decedent's estate were held to be within § 6–1001; such claims were barred if not presented to the administrator within the statutory limit. *See Bahr v. Zahm,* (1941) 219 Ind. 297, 37 N.E.2d 942 (claim for maintenance and medical care in state hospital barred as untimely); *State ex rel. Slinkard v. Edwards,* (1894) 11 Ind.App. 226, 38 N.E. 544 (claim based on judgment against deceased, who was a surety on a recognizance bond, barred).

■ The portion of Burns Stat. § 6–1001 dealing with the barring of claims was replaced by I.C. § 29–1–14–1, which creates an exception for claims by the state or its subdivisions. The Commission Comments accompanying I.C. § 29–1–14–1 reiterate that expenses of administration, claims of the United States, claims of the state, and claims of a subdivision of the state are exempt from the statutory time period for filing. Indiana Probate Code Study Commission 1953 Comments to I.C. § 29–1–14–1. This change in the language of the probate nonclaim statute raises a presumption that the legislature intended to change the law.

Moreover, the language of I.C. § 29–1–14–1 is unambiguous. When a statute contains clear and unambiguous language, the applicable rule of construction demands that words or phrases be taken in their ordinary and usual sense. *Myers v. Greater Clark Community School Corp., supra.* In reading the plain language of the statute, a court carries out its primary duty of giving effect to the intention of the legislature. *See Indiana Collectors v. Conrad,* (1984) Ind.App., 466 N.E.2d 768.

Knox contends that DPW's claim for old age assistance was not the type of claim the legislature intended to exempt. According to Knox, I.C. § 29–1–14–1 creates an exception only for claims against the estate for taxes. When statutory language is clear and unambiguous, a court may not substitute language which it believes the legislature intended. *Herbert v. State,* (1985) Ind.App., 484 N.E.2d 68, 70.

■ DPW's claim was exempt from the filing time period established by I.C. § 29–1–14–1. Therefore, the trial court properly entered summary judgment in favor of DPW.

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.