In the Matter of the ESTATE
OF Bertha E. CRIPE.

**ELKHART COUNTY DEPARTMENT OF
PUBLIC WELFARE, Appellant
(Petitioner Below),**

v.

**Estate of Bertha E. CRIPE, Appellee
(Respondent Below).**

No. 20A04–9509–CV–359.

Court of Appeals of Indiana.

Jan. 30, 1996.

Barry A. Chambers, Elkhart, for Appellant.

Gordon Lord, Denise C. Davis, Yoder, Ainlay, Ulmer & Buckingham, Goshen, for Appellee.

### OPINION

DARDEN, Judge.

#### STATEMENT OF THE CASE

The Elkhart County Department of Public Welfare appeals the court order disallowing in part its claim against the estate of Bertha E. Cripe ("the Estate"). We reverse.

#### FACTS

Bertha Cripe died August 14, 1989, before her 85th birthday. At the time of her death, Cripe had neither dependent children nor a spouse. Cripe had received Medicaid benefits since June 1, 1982, through (what is now known as) the State of Indiana Elkhart County Office of Family and Children ("ECOFC").

A cousin of Cripe, William Miltenberger, predeceased her, dying intestate on January 1, 1988, and after Cripe's death, on October 6, 1989, a decree of heirship awarded Cripe a one-half interest in Miltenberger's estate.

After executors opened an estate for Cripe, ECOFC timely filed a claim against her estate in the amount of $90,312.62. Cripe's executors disallowed the claim, and

the claim was transferred to the court's issue docket for trial. *See* Ind.Code 29–1–14–10(a). The parties stipulated that total distribution to Cripe's estate from Miltenberger's estate was $103,711.63. Nevertheless, the court approved a claim by ECOFC only in the amount of $20,728.63, disallowing the balance of its claim. The amount of the allowed claim corresponds precisely to the total of Medicaid expenditures on behalf of Mrs. Cripe from the date of Miltenberger's death until the death of Mrs. Cripe, as reported to the court at its request by ECOFC.

In its motion to correct errors, which was denied, and in the instant appeal, ECOFC asserts the court failed to follow the Indiana statute providing for the payment of priority claims against an estate.

### DECISION

■ Our legislature has provided a statutory priority claim for recoupment of Medicaid paid to aged recipients. At the time of Mrs. Cripe's death, this statute read as follows:

On the death of a recipient of medical assistance under the provisions of this act [12–1–1–1—12–1–12–17], the total amount of medical assistance paid after he became sixty-five (65) years of age shall be allowed as a preferred claim against the estate of such person in favor of the state, after funeral expenses for recipient and his or her spouse, not to exceed in each individual case three hundred fifty dollars ($350) and such expenses of the last illness of recipient and spouse as are authorized or paid by the state department, and after the expenses of administering the estate, including attorney fees approved by the court, have been paid . . . . .

Ind.Code 12–1–7–25.[1] Certain exemptions to the priority—in the case of a surviving spouse or dependent child, or as to personal effects—are not applicable in the matter of the Cripe estate.

Further, the statutory framework for the order in which claims against an estate "shall" be paid is:

(1) Costs and expenses of administration.

(2) Reasonable funeral expenses. . . .

(3) Allowances made under IC 29–1–4–1

(4) All debts and taxes having preference under the laws of the United States.

(5) Reasonable and necessary medical expenses of the last sickness of the decedent. . . .

(6) All debts and taxes having preference under the laws of this state. . . .

Ind.Code 29–1–14–9. The preference of the Medicaid claim is provided in the priority claim statute.

■ As our supreme court has observed, the Indiana statute provides for the county department "to have a preferred claim against the estate of the person receiving the aid." *Dep't of Public Welfare v. Tyree* (1989), Ind., 540 N.E.2d 18, 21. With respect to the allowance of a claim, "[t]he statute fixes the order of priority of claims, and this the court cannot change." *Goodbub v. Hornung's Estate* (1891), 127 Ind. 181, 26 N.E. 770, 771. Therefore, the rule in the case of preference claims is to allow the claim of one legally entitled to the preference, with "whether there are assets sufficient to pay them" being a subsequent determination. *Id.* The Estate did not challenge ECOFC's legal entitlement to the statutory preference. ECOFC argues the order of partial allowance and of disallowance contravenes the statute and is reversible error.

In its arguments in support of the court's order disallowing the full ECOFC claim, the Estate relies on Ind.Code 12–5–3–14, which at the time of Mrs. Cripe's death said that when a recipient of medical assistance for the aged became the owner of additional resources,

[a]ny assistance paid after the recipient has come into possession of such property or income, and in excess of his needs, shall be recoverable by the state department or county department or from the estate of the recipient.

Thus, the Estate argues, it is "assistance paid after the receipt of such property" which is recoverable from the Cripe estate, and "[i]t is then that the priority" of the

---

**1.** The current provision is found at Ind.Code 12– 15–9–1 and is substantially similar.

statute "is applicable." Estate's Brief at 4. However, the Estate cites to no authority for the latter assertion. The provision referenced by the Estate does not expressly indicate that the county department is limited in its recovery to that amount of assistance paid after the recipient obtains additional resources. Moreover, the statute providing the priority claim expressly states that "the total amount of medical assistance paid" after the recipient's sixty-fifth birthday "shall be allowed as a preferred claim against the estate." I.C. 12–1–7–25. By statute, the priority is accorded that total amount.

The Estate discusses Mrs. Cripe's inability to have "assigned or sold all her expectancy interest in the Miltenberger estate prior to the order of heirship." Estate's Brief at 5. According to the Estate, the trial court accepted its argument that because Mrs. Cripe's property interest in the Miltenberger estate did not arise until his death, her estate was only responsible for all Medicaid payments incurred thereafter, and, thus, the court "followed public policy by not giving a windfall to the ECOFC." *Id.* at 6. The Estate cites no authority for its proposition that repayment to ECOFC for the full amount of assistance provided to the late Mrs. Cripe would constitute a windfall to the provider.

Finally, the Estate argues that the trial court did not change the priority of claims but rather "evaluated the claim and allowed the portion permitted by statute." *Id.* The Estate suggests that ECOFC's reference to the absolute statutory preference and the *Tyree* holding that a claimed preference which is legally sufficient should be allowed implies that had ECOFC "submitted an erroneous or fraudulent claim, the court would have only had the authority to pay it in full or deny it in full." *Id.* The Estate then concludes that "the court has the discretion to apply the statute to the facts and allow the appropriate part of the claim." We note that the record is utterly devoid of any indication that there is a dispute as to the accuracy of the amount claimed by ECOFC for assistance provided. More critically, however, the Estate directs us to no authority suggesting that it is within the discretion of the trial

court as to whether or not the priority claim provision will be followed.

The court erred in failing to allow the priority claim of ECOFC against the Estate and order its payment in accordance with the sequence provided by statute.

We reverse.

RILEY and NAJAM, JJ., concur.