# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOHN S. PHILLIPP**
Deputy Attorney General

**JENNIFER E. GAUGER**
Section Chief, Collections & Bankruptcy
Office of the Indiana Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**TRACY J. NEWHOUSE**
Newhouse & Newhouse
Rushville, Indiana



FILED

Feb 29 2012, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA *ex rel.* | ) | |
| FAMILY AND SOCIAL SERVICES | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 33A04-1105-ES-246 |
| | ) | |
| ESTATE OF PHILLIP ROY, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE HENRY SUPERIOR COURT
The Honorable Richard T. Payne, Judge
Cause No. 33D01-0908-ES-58

**February 29, 2012**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

The State of Indiana *ex rel.* Family and Social Services Administration ("FSSA") appeals the trial court's order that denied FSSA's claim against the Estate of Phillip Roy ("the Estate") for Medicaid expenses incurred by Mr. Roy during his lifetime. FSSA raises one issue that we restate as: whether the trial court erred when it disallowed FSSA's claim on the basis that it was not timely filed under Indiana Code section 29-1-14-1(d).

The Estate cross-appeals and raises two issues that we consolidate and restate as: whether the lien that FSSA filed against the Estate's real property was invalid.

We reverse in part and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

Phillip Roy ("Roy") died intestate on November 2, 2008, leaving no surviving spouse or children. At the time of his death, Roy owned and lived in a residence ("real estate") in New Castle, Indiana, located in Henry County.

During the period between age fifty-five and his death, Roy received Medicaid assistance in the amount of $39,695.46. On April 1, 2009, FSSA recorded a notice of lien (for the Medicaid expenses) against Roy's real estate with the Henry County Recorder. On August 26, 2009, FSSA filed a verified petition asking the court to open an estate for Roy and appoint an administrator, so that FSSA, a creditor, could enforce its claim for $39,695.46 in Medicaid expenses that had been provided to Roy during his lifetime. About a month later, on September 28, 2009, the Estate filed a motion to appoint personal representatives, and it also filed a motion to dismiss or strike FSSA's petition. On December 17, 2009, two of Roy's relatives were appointed co-personal representatives of Roy's supervised estate ("Co-Personal Representatives").

2

In February 2010, Co-Personal Representatives filed a denial of FSSA's claim. Several months later, in May 2010, Co-Personal Representatives filed a petition to sell Roy's real estate, which the trial court granted in June 2010. In July 2010, FSSA filed a petition asking the court to set its claim for trial. The trial was set for August 2010, but several continuances were granted, and, in the meantime, the Estate filed a motion to void FSSA's lien filed against the real estate. Eventually, the matters (trial on FSSA's claim and the Estate's motion to void the lien) were heard together at a January 20, 2011 hearing, and the court took the matters under advisement. On April 6, 2011, the court issued an order, which disallowed FSSA's lien, finding it invalid and also determined that FSSA's claim to recover Medicaid benefits was time-barred by Indiana Code section 29-1-14-1(d)[1] because it was filed more than nine months after the decedent's date of death. FSSA filed a motion to correct error, which the trial court denied. FSSA now appeals, and the Estate cross-appeals.

## DISCUSSION AND DECISION

### I.     FSSA's Appeal

FSSA claims that the trial court erred when it determined that FSSA's claim for reimbursement of Medicaid expenses was time-barred under Indiana Code section 29-1-14-1(d). Because the trial court's ruling was based upon its interpretation of the statute and its

[1] Although it does not affect our decision today, we note that in disallowing FSSA's claim on the basis that it was not timely filed within nine months, the trial court's order stated, "FSSA's claim was filed with the Court *nineteen months* and twenty-four days after the date of the death of the decedent[.]" *Appellant's App.* at 11 (emphasis added). Nineteen months and twenty-four days after Roy's November 2, 2008 death was June 26, 2010, and we do not find that FSSA filed any claim that date. The parties agree that FSSA filed its petition to open an estate, in order to pursue its Medicaid reimbursement claim, on August 26, 2009, which was *nine months* and twenty-four days after Roy's death. We also note that the Estate denied FSSA's claim on February 2, 2010, which was fifteen months after Roy's death. Considering the record before us, it appears that the trial court's statement that FSSA's claim was filed "nineteen months and twenty-four days" after Roy's death was a misstatement.

3

application, and statutory interpretation is a pure question of law, we review the trial court's decision *de novo*. *In re Guardianship of E.N.*, 877 N.E.2d 795, 798 (Ind. 2007).

Our analysis requires us to examine Indiana Code section 29-1-14-1, which provides time limitations upon when a claim may be filed against an estate. Initially, we note that in contrast to a statute of limitations, which creates a defense to an action brought after the expiration of the time allowed by law for the bringing of such action, Indiana Code section 29-1-14-1 is a nonclaim statute, which imposes a condition precedent to enforcement of a right of action. *McEwen v. McEwen*, 529 N.E.2d 355, 359 (Ind. Ct. App. 1988). Indiana Code section 29-1-14-1 provides, in pertinent part:

> (a) Except as provided in IC 29-1-7-7, all claims against a decedent's estate, other than expenses of administration and claims of the United States, the state, or a subdivision of the state, . . . shall be forever barred against the estate, the personal representative, the heirs, devisees, and legatees of the decedent, unless filed with the court in which such estate is being administered within:
> > (1) three (3) months after the date of the first published notice to creditors [.]
> > . . . .
>
> (d) All claims barrable under subsection (a) shall be barred if not filed within nine (9) months after the death of the decedent.

Here, in disallowing FSSA's claim, the trial court relied on subsection (d) requiring that "[a]ll claims barrable under subsection (a) shall be barred if not filed within nine (9) months of the death of the decedent." Indiana Code § 29-1-14-1(d). The problem with the trial court's decision is that it did not consider the language of subsection (a), which provides that the statute applies to all claims filed against an estate "*other than . . .* claims of the United States, the state, *or a subdivision of the state . . .* [.]" Indiana Code § 29-1-14-1(a).

4

That is, subsection (a) specifically exempts the State or its subdivisions from the nine-month filing requirement.

This court encountered a similar situation in *Matter of Estate of Nay*, 489 N.E.2d 632 (Ind. Ct. App. 1986). There, the Department of Public Welfare ("DPW") filed a claim against decedent's estate for reimbursement of "old age assistance" benefits. *Id*. at 633. The personal representative disallowed the claim because it was filed three years after the decedent's death and was, thus, not timely filed. Thereafter, the trial court granted summary judgment in favor of DPW, allowing its claim. Upon review, this court recognized that "the claim against the estate for old age assistance was a claim by a subdivision of the state," and that DPW's claim was not time barred by Indiana Code section 29-1-14-1 because "claims of the state, and claims of a subdivision of the state are exempt from the statutory time period for filing." *Id*. at 633-34. The *Nay* court characterized the statute's language as "unambiguous" and also noted that the exemption for "claims of the state and any subdivision thereof" did not appear in the predecessor statute to Indiana Code section 29-1-14-1, which thereby reflected a legislative intent to change the law and exempt that type of claim from the time limitations. *Id*. at 634. Like the court in *Nay*, we find that FSSA is a subdivision of the State, and its claim is exempt from the nine-month filing requirement.

FSSA further asserts that not only does it have a valid claim against the Estate, but also that it is a preferred claim under Indiana Code section 12-15-9-1, which provides in part

> [U]pon the death of a Medicaid recipient . . . the total amount of Medicaid paid on behalf of the recipient after the recipient became fifty-five (55) years of age *must* be allowed as a preferred claim against the estate[2] of the recipient.

Ind. Code § 12-15-9-1 (emphasis added).[3] FSSA asserts that the statute's use of "must" is a clear statement that a trial court does not possess discretion to disallow the claim. *See Matter of Estate of Cripe*, 660 N.E.2d 1062, 1064 (Ind. Ct. App. 1996) (court of appeals reversed trial court's partial denial of State's claim for Medicaid reimbursement because Medicaid paid after recipient's fifty-fifth birthday shall be allowed as preferred claim against estate).[4] We agree that FSSA possesses a valid preferred claim against the Estate.

In its appeal, the Estate does not directly challenge or oppose FSSA's arguments that FSSA is exempt from the nine-month filing requirement and that FSSA has a preferred claim. Rather, the Estate maintains that whether the claim is time barred is "irrelevant" to resolving the issues. *Appellee's Br*. at 6, 7. It argues, "The issue is not whether the claim was timely filed in the Estate, but whether the lien was properly filed and whether the failure to administer the real estate within five months prevents a personal representative from selling real estate to pay FSSA's claim." *Id*. at 7. The Estate's position is not a response to FSSA's appellate claim that the FSSA is exempt from the nine-month claims period limitation and that it possesses a preferred claim that must be allowed. Indiana Appellate Rule 46(A)(8)(a)

---

[2] One's estate "as used in this chapter . . . includes all real and and personal property …[.]" Ind. Code § 12-15-9-0.5.

[3] An affidavit from a designated representative specifying the amount due is the only evidence of the claim required by statute. *Id*. FSSA filed the required affidavit with the trial court on December 21, 2010.

[4] *Cripe* was decided under the former Medicaid recovery statute, Indiana Code section 12-1-7-25, but the Court of Appeals took judicial notice that the current provision at Indiana Code section 12-15-9-1 is "substantially similar." *Matter of Estate of Cripe*, 660 N.E.2d 1062, 1063 n.1 (Ind. Ct. App. 1996).

and 46(B)(2) direct that an appellee's brief "shall address contentions raised in appellant's argument" and the contentions "must be supported by citation to authorities, statutes, and . . . parts of the Record on Appeal." Here, the Estate's brief does neither. *See Id.* at 7-8. The Estate's failure to respond in any meaningful way is "akin to failing to file a brief" on the issue. In such a situation, we do not undertake the burden of developing an argument for the appellee. *Tisdial v. Young*, 925 N.E.2d 783, 784-85 (Ind. Ct. App. 2010). "We will reverse the trial court's judgment if the appellant presents a case of prima facie error." *Id.* We find that FSSA has established prima facie error and hold that the trial court erred when it disallowed FSSA's preferred claim for reimbursement of Medicaid benefits on the basis that it was not timely filed.

## II.    The Estate's Cross-Appeal

The Estate filed a cross appeal, asserting that FSSA failed to file a valid lien to initiate their claim for administration of the estate and that FSSA's lien, which was filed prior to the opening of the Estate, is invalid. *Appellee's Br*. at 1. Upon review and consideration, we find no contested issue before us concerning FSSA's lien.

As a threshold matter, we observe that the Estate's two stated issues, both of which concern FSSA's lien, do not allege trial court error or otherwise seek relief. *Id*. at 1, 11. Rather, they appear to be arguments in support of the trial court's determination that the FSSA's lien against the real estate was not valid – a determination that is not being challenged on appeal by FSSA. Indeed, FSSA has conceded that its lien is not valid, and it

7

does not ask us to reverse the trial court's finding in that regard.[5]

The Estate argues that, in the absence of a valid lien, the Estate is prevented under Indiana Code section 29-1-7-15.1(b) from selling the real estate in order to pay off this Medicaid debt. That statute reads:

> No real estate situate in Indiana of which any person may die seized shall be sold by the executor or administrator of the deceased person's estate to pay any debt or obligation of the deceased person, which is not a lien of record in the county in which the real estate is situate, or to pay any costs of administration of any decedent's estate, unless letters testamentary or of administration upon the decedent's estate are taken out within five (5) months after the decedent's death.

Because an estate was not opened within five months, the Estate argues that Co-Personal Representatives are prevented from selling Roy's real estate and using the proceeds or a portion thereof, to pay FSSA's claim. We disagree.

Initially, we observe that, here, the Estate already has petitioned for and received permission to sell the Estate's real property at auction.[6] Consequently, from the record before us, no party is contesting or opposing the sale of the real estate. To the extent that the Estate is now asserting that Indiana Code section 29-1-7-15.1(b) ("Subsection 15.1(b)") precludes Co-Personal Representatives from selling the Estate's real property, that claim is moot. As to whether Subsection 15.1(b) prevents the proceeds from the sale of the real estate from being used to pay FSSA's Medicaid claim, we find that it does not.

Subsection 15.1(b) is contained in Chapter 7 of the Indiana Code, "Probate and Grant

---

[5] FSSA maintains the validity of the lien has no bearing on its ability to enforce its preferred claim.

[6] The trial court granted Co-Representatives' petition to sell real estate in June 2010.

of Administration." As the title suggests, Chapter 7 deals primarily with the process of opening an estate. For instance, the Chapter's sections cover such subjects as producing the will for probate, listing the required contents of the petition to open the estate, identifying the required notices, and contesting of a will. Section 15.1 is sub-titled "Determination of Intestacy; presentation of will for probate; time limits; sale of property." FSSA's position is that Subsection 15.1(b), at most, imposes limitations upon an executor or administrator who desires, without court order, to unilaterally sell estate real property to pay debts of the estate; it maintains that the Subsection does not impose limitations upon a trial court's authority pursuant to Indiana Code 29-1-15-3, discussed below, to order that real estate be sold to pay debts, claims, and expenses of an estate. We agree.

What we are concerned with here is not opening an estate, but rather with payment of claims from the estate. Indiana Code section 29-1-15-3 authorizes the sale of estate real property through a court order, and it is found in Chapter 15, titled "Sales, Mortgages, Leases, Exchanges – Personal and Real Property." This Chapter contains rules and procedures for the sale of real and personal property from an estate. Section 3 is titled "Payment of Claims," and provides in relevant part:

> *Any real* or personal *property belonging to an estate may be sold*, mortgaged, leased or exchanged *under court order when necessary for any of the following purposes:*
>
> (a) [F]or the payment of claims allowed against the estate[.]

Ind. Code § 29-1-15-3(a) (emphasis added). "By its terms, [Indiana Code section] 29-1-15-3 . . . places the decision to sell estate realty within the sound discretion of the trial court." *Rainier v. Snider*, 174 Ind. App. 615, 624, 369 N.E.2d 666, 671 (1977). Chapter 15 does not

9

contain any time limitations upon a court's ability to issue an order for the sale of real estate. In fact, we have held, "[R]eal estate is available until the estate is closed to pay allowed claims and administrative expenses[.]" *See Estate of Baker v. Lahrman*, 505 N.E.2d 104, 107 (Ind. Ct. App. 1987) (recognizing that distributees' interest to estate property is subject to divestment until estate is closed). As has been observed by one authority, "Claims against an estate are usually satisfied by the personal representative selling the real or personal property belonging to the estate under court order." Jack K. Levin, J.D., 10 Ind. Law Encycl. *Descent and Distribution* § 53 (2005).

Under the Estate's argument, "Even if a case falls within the justifications for selling real estate listed in Indiana Code § 29-1-15-3, [Subsection 15.1(b)] limits the personal representative's power to divest title [only] to those cases in which letters testamentary or letters of administration have been issued within 5 months after the decedent's death." *Cross-Appellant's Reply Br.* at 3. As pointed out by FSSA, the Estate's interpretation would cut off creditors' access to real property at five months, which is four months before general creditors must file their claims under Indiana Code section 29-1-14-1(d). Also, the Estate's interpretation of Subsection 15.1(b) says nothing about the trial court's authority to order the sale of *personal* property, presumably leaving that still available even if letters of administration are not issued in five months; this result, however, conflicts with Indiana Code section 29-1-15-1, which states in general that, when determining which assets to sell to pay estate claims, there shall be no priority as between real and personal property, except as provided by will. *Montgomery v. Estate of Montgomery*, 677 N.E.2d 571, 577 (Ind. Ct. App. 1997) (Indiana Code section 29-1-15-1 practically removes all distinction between real

10

and personal property in administration of estate). Finally, the Estate's proposal would effectively create an incentive to delay beginning probate for five months, in order to exempt real property from valid claims. Considering the statutory scheme for payment of claims, we find that Indiana Code section 29-1-7-15.1(b) is not a limitation on the trial court's authority to issue an order for the sale of real estate under Indiana Code section 29-1-15-3.

As we determined above, FSSA is a subdivision of the State and was not required to file its claim within nine months of Roy's death, so its claim is not time barred, and FSSA has a preferred claim under Indiana Code section 12-15-9-1, which the trial court must allow. We reverse that portion of the trial court's order which stated that FSSA's Medicaid claim was time-barred because it was not filed within nine months of Roy's death, and we order the trial court to (1) allow FSSA's preferred claim for reimbursement of Medicaid assistance and (2) direct the Estate to pay the $39,695.46 Medicaid assistance claim from the proceeds of the sale of Roy's real estate and, if necessary, from other assets of the Estate.[7] To the extent that the Estate's cross-appeal asks us to find that the proceeds from the sale of the real property may not be used to pay FSSA's claim, we hereby deny the Estate's cross-appeal.

Reversed in part and remanded with instructions.

BRADFORD, J., concurs.

BARNES, J., concurs in part and dissents in part with separate opinion.

---

[7] If the assets of the Estate are insufficient to pay all claims in full, Co-Personal Representatives shall make payment of FSSA's Medicaid claim pursuant to Indiana Code section 29-1-14-9.

11

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA *ex rel.* | ) | |
| FAMILY AND SOCIAL SERVICES | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 33A04-1105-ES-246 |
| | ) | |
| ESTATE OF PHILLIP ROY, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

**BARNES, Judge, concurring in part and dissenting in part**

I concur in Part I of the majority opinion but respectfully dissent from Part II, regarding the Estate's cross-appeal. Although I appreciate the majority's careful analysis of the interplay between Indiana Code Sections 29-1-7-15.1(b) and 29-1-15-3, I must disagree with their conclusion that Subsection 15.1(b) does not preclude the sale of Roy's real property to pay a debt owed to FSSA. Even though some of the language in Subsection 15.1(b) appears antiquated, any statute must be given effect unless and until the General Assembly decides to repeal it. To give effect to Subsection 15.1(b), I believe that because FSSA is no longer claiming that it has a valid lien upon Roy's real property and because his estate was not opened within five months of death, the property cannot be sold to pay FSSA's claim.

First, I note that the majority substantially relies upon the headings given to statutory sections and chapters. As for statutory titles, articles, and chapters in the Indiana Code, any headings found on them expressly "are not part of the law . . . ." Ind. Code § 1-1-1-5(f). As for statutory sections, any headings given to them are provided by unofficial publishers, because bills themselves do not contain headings for statutory sections. See Legislative Services Agency, Bill Drafting Manual Chapter 3, Section G(2) ("Section headings, which do become a part of the law, are not to be used in bills, even when a new section is being added to a chapter that has sections with existing headings. . . ."). See also P.L. 36-2011, § 4 (no heading provided for Section 29-1-7-15.1 in recent amendment to statute that is irrelevant to this case).[8] Thus, we should be guided by the content of the statutes.

Second, the majority agrees with FSSA that Subsection 15.1(b) only "imposes limitations upon an executor or administrator who desires, without court order, to unilaterally sell estate real property to pay debts of the estate" and is not a limitation upon a court ordering the sale of real property to satisfy debts, pursuant to Section 29-1-15-3. Slip op. p. 9. However, an executor or administrator for a supervised estate already is prohibited from independently selling real property without a court order, for any reason, unless a will or statute expressly allows it. Crumpacker v. Howes, 140 Ind. App. 37, 53-54, 222 N.E.2d 295, 306 (1966). My conclusion is that because Subsection 15.1(b) says an executor or administrator cannot sell real property to satisfy a debt under certain circumstances, that necessarily means a trial court cannot order an executor or administrator to sell real property under those very same circumstances. Otherwise, Subsection 15.1(b) merely prohibits what generally is already prohibited, the unilateral sale of real property by an estate executor or administrator.

_____

[8] A comparison of the Burns Annotated and West Annotated versions of the Indiana Code reveals that West has titled Section 29-1-7-15.1, "Determination of intestacy; presentation of will for probate; time limits; sale of property," while Burns has titled the same statute, "Time limit for probate and administration."

Third, the majority expresses concern that enforcing the five-month time limit in Subsection 15.1(b) would provide an incentive to delay the opening of an estate until that time passed. However, creditors do not have to stand idly by and wait for heirs to open an estate. Any "interested person" may petition to open an estate. I.C. § 29-1-7-4(a). This means that anyone having a claim against a deceased individual may petition to have an estate opened. McCool v. Old Nat'l Bank in Evansville, 214 Ind. 679, 685, 17 N.E.2d 820, 823 (1938). In fact, FSSA here did petition to have an estate opened for Roy, albeit nearly ten months after his death.

Fourth, the majority asserts that Subsection 15.1(b)'s five-month time limit conflicts with both Section 29-1-15-3, which states generally that either real or personal property may be sold to satisfy claims against an estate, and Indiana Code Section 29-1-14-1(d), which provides non-governmental creditors with nine months after death to file a claim against an estate. When two statutes appear to conflict, a court's first task in statutory interpretation is to attempt to harmonize those statutes. State v. Universal Outdoor, Inc., 880 N.E.2d 1188, 1191 (Ind. 2008). "So long as two statutes can be read in harmony with one another, we presume that the Legislature intended for them both to have effect." Burd Mgmt., LLC v. State, 831 N.E.2d 104, 108 (Ind. 2005). The latter-enacted of two statutes will control and effectively repeal an earlier statute if they are repugnant, but only if the later act is so inconsistent with the earlier one so as to make them irreconcilable. Id. "Where possible, if conflicting portions of a statute can be reconciled with the remainder of the statute, every word in the statute must be given effect and meaning, with no part being held meaningless." Id. Additionally, a specific statute controls a statute dealing with the same subject matter in more general terms. Northwest Towing & Recovery v. State, 919 N.E.2d 601, 606 (Ind. Ct. App. 2010).

14

Here, there is no conflict between Subsection 15.1(b) and Sections 29-1-14-1(d) and 29-1-15-3 anytime an estate is opened within five months of death. Subsection 15.1(b) has no operation in such a case. It also has no operation with respect to the sale of either personal property, or real property upon which there is a valid lien. That it may prohibit the sale of real property without a valid lien if an estate is opened more than five months after death does not make it irreconcilable with the other, more general and more recent statutes regarding the payment of claims. Also, just because the other, more general statutes do not mention the more specific Subsection 15.1(b) or the time limit it contains does not mean the time limit does not exist.

Possibly, Subsection 15.1(b) is like a human appendix, a vestigial statute that has been long forgotten and usually performs no function, until it crops up and causes unexpected problems in a case such as this. However, it is up to the General Assembly to decide whether to perform surgery to remove it. Or, the General Assembly may believe that additional time constraints on the sale of estate real property are necessary to facilitate the expeditious and unencumbered transfer of such property. In any event, it is that body's decision to make. I am concerned the majority has effectively repealed Subsection 15.1(b) when it is unnecessary to do so. Thus, although I agree that the trial court erred in completely disallowing FSSA's claim against Roy's estate, I conclude that any such claim cannot be paid from the sale of Roy's real property.