# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 22 2020, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

D.L. Poer
Bloomington, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D.L. Poer,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Christopher T. Crum-Hieftje, et al.,<br>*Appellees-Defendants.* | April 22, 2020<br><br>Court of Appeals Case No.<br>19A-CC-2552<br><br>Appeal from the Monroe Circuit Court<br><br>The Honorable Holly M. Harvey, Judge<br><br>Trial Court Cause No.<br>53C06-1805-CC-1010 |

**Bailey, Judge.**

# Case Summary

[1] D.L. Poer ("Poer") is an attorney appealing the trial court's judgment ordering Christopher Crum-Heiftje ("Christopher") and Courtney Crum-Heiftje (collectively, "Defendants") to pay Poer $20,075 plus costs and post judgment interest for attorney fees. Poer raises several issues on appeal but we hold they are all waived for her failure to effectively raise them in compliance with Indiana Appellate Rule 46(A).

# Facts and Procedural History

[2] Poer was a friend of Defendants and agreed to represent them in a contentious custody dispute with Christopher's former spouse.[1] The parties had no written contract for Poer's legal representation. In December of 2014, Poer gave Defendants a billing statement for $21,000 owed for legal representation as of the date of billing and withdrew as Defendants' attorney in May of 2015. Defendants had periodically made some payments to Poer for legal fees they had owed up to May of 2014 but had not paid in full.

[3] Later in May of 2015 Poer agreed to represent Defendants again in the custody matter and once more entered her appearance in that matter. As before, there was no written agreement regarding Poer's legal representation; rather, all other

---

[1] It is unclear why Courtney Crum-Heiftje was a party below or on appeal.

discussions about fees were "oral, random, and imprecise." Appealed Order at 1.

[4] On May 25, 2018, Poer filed in the Monroe Circuit Court a complaint against Defendants to collect $75,952.96 in attorney fees for her legal representation of them in the custody dispute. Defendants did not file an Answer, but appeared at the July 29, 2019, hearing on Poer's complaint. The court heard testimony from Poer and Christopher. Poer's only additional evidence was her Exhibit 1, which was a printout of the Chronological Case Summary with occasional notations inserted by her regarding the number of attorney fee hours and legal fees incurred. Christopher testified that he was aware that Defendants owed Poer for some attorney fees but that he had "told [Poer] not to go over $30,000" in attorney fees. Tr. at 14. Poer testified that she had no recollection of such a statement.

[5] In a judgment order dated August 12, 2019, the trial court found, regarding Poer's Exhibit 1, "these summary charges without connection to particular work done on a case are not specific enough for the determination of fees owed." *Id*. However, the court noted that it was "likely" that Poer "did perform a significant amount of work due to the [contentious] nature of the [custody] case." *Id*. The court further noted that Defendants admitted they owed Poer for her legal representation.

[6] The trial court held that Poer's claim for the $21,000 in fees owed as of May 2014 was barred by the two-year statute of limitations. *Id*. at 2 (citing Ind. Code

§ 34-11-2-1).  The court further held that the amount of $20,075 was a reasonable amount for Poer's legal fees owed from May 2016 through May 2018.  Poer filed a Motion to Correct error, which the court denied on September 30, 2019.  This appeal ensued.

# Discussion and Decision

[7]  Defendants/Appellees did not file an Appellee's brief; therefore, we will reverse the trial court's order if Poer presents a case of prima facie error.  *See State ex rel. Family and Soc. Servs. Admin. v. Estate of Roy*, 963 N.E.2d 78, 82 (Ind. Ct. App. 2012), *trans. denied*.  However, all of Poer's claims on appeal are waived because her brief does not provide a single citation to either the record or legal authority.[2]

[8]  Indiana Appellate Rule 46(A)(6)(a) requires that an appellate brief's statement of facts must "be supported by page references to the Record on Appeal or Appendix."  When a party refers to facts without citation to the record in support, "we need not consider those facts."  *Reed v. City of Evansville*, 956 N.E.2d 684, 688 n.1 (Ind. Ct. App. 2011), *trans. denied*.  Similarly, Appellate Rule 46(A)(8)(a) requires that "[e]ach contention [ ] be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal."

---

[2] In her Table of Authorities, Poer cites *Cmty. State Bank Royal Ctr. v. O'Neill*, 553 N.E.2d 174, 177 (Ind. Ct. App. 1990), and Indiana Code Section 34-11-2-1; however, neither legal authority appears anywhere in her brief.

When an appellant provides no citation to legal authority supporting his contentions, those contentions are waived. *E.g.*, *Shields v. Town of Perrysville*, 136 N.E.3d 309, 312 n.2 (Ind. Ct. App. 2019). Thus, under our Appellate Rules, "[i]t is not sufficient for the argument section that an appellant simply recites facts and makes conclusory statements without analysis or authoritative support." *Kishpaugh v. Odegard*, 17 N.E.3d 363, 373 n.3 (Ind. Ct. App. 2014). This rule "prevents the court from becoming an advocate when it is forced to search the entire record for evidence in support of [a party's] broad statements." *Lane Alan Schrader Trust v. Gilbert*, 974 N.E.2d 516, 521 (Ind. Ct. App. 2012) (citing *Keller v. State*, 549 N.E.2d 372, 373 (Ind. 1990)).

[9] Here, Poer does not cite to any portion of the record in either her statement of the facts or her argument. Nor does she cite any legal authority at all for any of the issues she raises on appeal. Therefore, we do not consider any of the facts to which Poer refers, and she has waived all of her contentions on appeal.

[10] Affirmed.

Crone, J., and Altice, J., concur.